WILLIAMS *v.* JOHNS ET AL.

(Decided February 18, 1930.)

*Mr. Ray E. Morton,* for plaintiff.

*Messrs. Commins, Brouse, Englebeck & McDowell* and *Mr. R. S. Dechant,* for defendants Keifer and Haynes.

*Mr. Grover C. Walker,* for defendant Keller.

WASHBURN, J. This cause has been submitted upon appeal, and there being no dispute as to the facts, only a question of law is presented for determination.

On July 26, 1923, one Earl B. Fowler entered into a written contract, by which he purchased a certain lot then owned by one Herman H. Johns, and went into possession of the same.

On April 6, 1925, Johns assigned all of his title and interest in said land contract to one Haynes to secure a pre-existing debt which he owed Haynes.

On July 23, 1925, one Keller obtained a judgment against Johns, and on December 7, 1927, levied an execution upon said lot.

After the assignment of the land contract, Fowler, the purchaser, made payments thereon to Haynes, the assignee, and continued to do so after Johns left for parts unknown. Fowler later stopped making payments—the last one being made in August, 1927; but Fowler remained in possession of the lot until the same was sold in a proceeding to foreclose a mortgage lien which was prior to the claims of any of said parties, and until such sale the record title of said lot remained in Johns.

After the satisfaction of said mortgage from the proceeds of said sale, there remained for distribution a certain sum, which is not claimed by Fowler or Johns, but is claimed by said Keller, the judgment creditor of Johns, and by said Haynes—the sum being less than the debt due Haynes from Johns.

No questions of notice or priority arising out of the recording of instruments are involved.

The lien of Keller's judgment and levy thereunder attached only to such interest in said lot as Johns then actually had, but subject to any equity of Haynes therein, though the same was secret or latent —the assignment of the land contract being prior in time to said judgment; hence, the important question is, What interest in said lot did Haynes acquire by the assignment to him of all of Johns' "title and interest" in said land contract?

Johns' interest and obligation, by virtue of the land contract, were the right to receive the purchase price of the lot due under said contract and to have the lot sold to pay said purchase price, and to hold the legal title as security for the performance of Fowler's obligation to pay said purchase price, and as trustee for Fowler, who was the real

beneficial, although equitable, owner of the lot—at least to the extent of the amount of the purchase money paid. *Woloveck* v. *Schueler,* 19 Ohio App., 210, at page 217; 3 Pomeroy's Equity Jurisprudence (4th Ed.), Section 1261.

It is true that the interest of Johns was not that of a mere naked trustee for Fowler, as he still had a beneficial estate in the lands to the extent of the unpaid purchase price; but after Johns assigned to Haynes his (Johns') interest in said purchase price and his right under the contract to secure its payment, he held the legal title thereof in trust for Fowler, the purchaser of the lot, and for Haynes, the assignee of the land contract.

Johns' debt to Haynes exceeded the equity of Johns; hence Johns had no beneficial interest in said lot out of which Keller's judgment or levy of execution could be satisfied.

It must be remembered that Keller is not in the position of a *bona fide* purchaser for value without notice, and, when he obtained a judgment lien upon the legal title of Johns, he took it subject to the equitable rights of both Fowler and Haynes. *Miller* v. *Albright,* 60 Ohio St., 48, 53 N. E., 490; *Tousley* v. *Tousley,* 5 Ohio St., 78.

The balance of the sale price for distribution is not claimed by Fowler, and, as it represents the interest of Johns under said land contract, it all belongs to Haynes, the assignee of Johns, it being inadequate to pay him in full.

A decree may be drawn ordering the balance of the proceeds of the sale of said lot paid to Haynes.

*Decree accordingly.*

Funk, P. J., and Pardee, J., concur.